■ ARNOLD J. WEINTRAUB, Respondent, v JAMES V. WELCH, Appellant. —Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In his second and third causes of action, plaintiff, a licensed real estate salesman, seeks to recover from defendant, the purchaser of real property, compensation for services rendered in the transfer of the property—i.e., he alleges causes of action for a real estate commission. Section 442-a of the Real Property Law provides that "No real estate salesman * * * shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker regularly employing the salesman, for any service rendered or work done by such salesman in the * * * buying, selling, [or] * * * leasing * * * of * * * any real estate." Accordingly, defendant's motion for summary judgment dismissing these two causes of action should have been granted. In his first cause of action, however, plaintiff seeks to recover "the agreed fee" specified in an agreement signed by the parties payable by the defendant "Upon the closing of the sale of a certain nineteen (19) acre parcel of land located in Buffalo, New York." In an affidavit in opposition to defendant's motion for summary judgment, plaintiff alleges that the parties were partners in the development of the real property in question, a fact which is not alleged in his complaint. In support of this claim, plaintiff points to his testimony at an examination before trial where he explained that the alleged partnership was formed to develop "satellite space" near a "K-Mart" store. In view of

this evidence, it is not possible to conclude with certainty that in this cause of action plaintiff seeks to recover a real estate commission which, as noted above, section 442-a proscribes. "[B]ecause this case involves summary judgment, not sufficiency of the complaint, failure to state a * * * cause of action in pleadings would not be sufficient to permit unconditional summary judgment in favor of defendant, as a matter of law, if plaintiff's submissions provided evidentiary facts making out a cause of action" (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 280). Inasmuch as there are questions of fact related to the relationship between plaintiff and the defendant and the nature of "the agreed fee" described in the agreement, defendant's motion for summary judgment aimed at the first cause of action was properly denied (Alvord & Swift v Muller Constr. Co., supra; Rotuba Extruders v Ceppos, 46 NY2d 223; see, also, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.