■ GLENN MYLES, Appellant, v LITAS INVESTING CO., INC., Respondent.—In an action to recover commissions due for services allegedly rendered in the negotiation of loans upon real estate, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Di Tucci, J.), dated March 2, 1988, which denied his motion, *inter alia,* for partial summary judgment with respect to the first cause of action asserted in the complaint, and (2) an order of the same court, dated March 2, 1988, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

In this action, the plaintiff, a licensed real estate salesman, sought to recover compensation for services he allegedly rendered in the negotiation of loans on real estate owned by the defendant. The Supreme Court, upon the defendant's motion, dismissed the complaint because Real Property Law § 442-a prohibits a licensed real estate salesman from receiving or demanding compensation for his services from anyone other than a duly licensed real estate broker with whom he is associated.

Contrary to the plaintiff's contention, he cannot avoid the proscription of Real Property Law § 442-a by withdrawing the allegation in his complaint that he is a licensed real estate salesman *(see,* Real Property Law § 442-d; 1931 Opns Atty Gen 107-108; *cf., Bendell v De Dominicis,* 251 NY 305) and describing himself as a "general agent" of the defendant. Therefore, as found by the Supreme Court, the plaintiff is prohibited from maintaining this action against the defendant (Real Property Law § 442-a; *see, Weintraub v Welch,* 77 AD2d 792; *cf., Rocco v Sortino,* 105 AD2d 1063). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.