OPINION OF THE COURT
Peter Tom, J.
Defendants’ motion and plaintiff’s cross motion, both for summary judgment, are consolidated for decision.
*65 Plaintiff, a licensed real estate salesperson, brings this action against defendants for real estate brokerage commissions purportedly earned from the sale of certain condominium units owned by defendants.
The building in issue is known as the Morgan House located at 153 East 87th Street in Manhattan. The Morgan House is owned by defendant C.P. Realty Associates and its partners Kenneth G. Beitz and the late Leone Peters (formerly the chairman of the board of Cushman & Wakefield). The late Leone Peters had, on behalf of defendant C.P. Realty Assciates, entered into a brokerage agreement with J.I. Sopher & Co. (hereinafter known as Sopher) for the latter to act as broker to sell condominium units in the Morgan House. When there became difficulty in selling the units due to a soft real estate market, the defendants entered into a revised compensation agreement with Sopher on January 25, 1988.
The revised agreement provides in pertinent part that: "The sponsor will pay as a bonus an additional commission of l\fa% to 'SopherV onsite agent at the building on each and every sale. This bonus will be paid directly to the agent and is in addition to the 2Vi% normally paid to J.I. Sopher & Co., Inc.”
Plaintiff was chosen by Sopher as the on-site sales representative, representative of the Morgan House. As the on-site sale representative, plaintiff sold condominium units on behalf of defendants and received certain bonus payments pursuant to the revised compensation agreement until the death of Leone Peters. After the death of Mr. Peters, defendants withheld further bonus payments and later terminated plaintiff on the on-site sales representative on November 29,1988.
Plaintiff brings this action against defendants to recover unpaid bonus payments in the sum of $23,452.50.
Defendants move, in this motion, to dismiss plaintiff’s complaint on the ground that plaintiff being a real estate salesperson is precluded from recovering real estate brokerage commissions from anyone other than from the salesperson’s associated real estate broker pursuant to Real Property Law § 442-a.
Real Property Law § 442-a provides in pertinent part that: "No real estate salesman * * * shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom he associated, for any service rendered or work done by such salesman in the *66 appraising, buying, selling, exchanging, leasing, renting or negotiating of a loan upon any real estate.”
Defendants contend that plaintiff may only seek compensation for brokerage commissions earned for the sale of condominium units in the Morgan House from Sopher, her associated broker, and may not seek such compensation from the broker’s client.
Plaintiff argues that she was associated with defendant Beitz and the late Leone Peters as brokers and is entitled to seek brokerage commissions from them since both partners were licensed real estate brokers during the period in issue. Plaintiff contends that Real Property Law § 442-a supports her position in view of the Legislature’s 1980 amendment of this section which substituted the words "with whom he associated” for the former language of "regularly employing the salesman”. Plaintiff urges that the intention of the Legislature in amending the language of section 442-a was to correct the unjust result of restricting a licensed real estate salesperson from receiving brokerage commissions from any broker other than from his or her official employer.
A reading of the legislative history of Laws of 1980 (ch 226) does not support plaintiff’s position.
The legislative intent in the 1980 amendment of Real Property Law § 442-a and related sections was to clarify the relationship of a real estate salesperson to his or her broker as one of an independent contractor and not as an employee-employer type of relationship as set forth in the old statute. (See, mem of Senator Barclay, 1980 NY Legis Ann, at 99.)
The 1980 legislative amendment of section 442-a made only corrective changes in the descriptive language describing the relationship between a real estate salesperson and his or her broker and did not, in any manner, change the substantive intent of the statute.
The meaning of associated real estate broker in the amended statute has the same meaning as in the old statute even though the language has been changed. The salesperson’s associated real estate broker is the broker with whom the salesperson is officially affiliated and whose name appears on the license of the salesperson and official records of the Department of State as the associated broker.
A real estate salesperson must be associated with a licensed real estate broker before he or she can legally act in the capacity of a salesperson. The associated broker is charged *67 with the duty of supervising and instructing the salesperson with respect to the general real estate brokerage business conducted by the broker including the negotiation and sales of real estate properties listed by the broker (Real Property Law § 441 [1] [d]; 19 NYCRR 175.21). The association between the salesperson and his or her broker continues until terminated. When the association of the real estate salesperson has been terminated for any reason including change of such salesperson’s association, the broker must forthwith notify the Department of State (Real Property Law § 442-b).
The revocation or suspension of a broker’s license shall automatically operate to suspend the license of the real estate salesperson associated with such broker pending a change of association of the salesperson or the expiration of the suspension of the broker’s license (Real Property Law § 441-d).
In the present case, plaintiffs certificate of good standing as a real estate salesperson for the period in issue on file with the Secretary of State sets forth that Sopher is plaintiffs associated real estate broker. Plaintiff also avers in her affidavit that, "During the period in question, and continuing through the present, I have been continuously affiliated with J.I. Sopher & Co., Inc. * * * a licensed real estate broker of the state of New York”.
The fact that defendant Beitz and the late Leone Peters were licensed real estate brokers during the period in issue is not germane under the facts of this case. The two partners entered into the brokerage agreement and the revised compensation agreement with Sopher in their capacity as owners of the Morgan House and not as licensed real estate brokers.
Plaintiff was hired by Sopher as the on-site sales representative of the Morgan House and not by defendants. Plaintiff was hired by Sopher after Sopher had entered into the revised compensation agreement with defendants. Plaintiff is not a party to the agreement.
The association between the real estate salesperson and his or her broker is strictly regulated by the rules and regulations of Real Property Law article 12-A under the supervision of the Department of State and such an association cannot be created without compliance with the prescribed rules and regulations as urged by plaintiff.
A salesperson can be associated with more than one licensed real estate broker, however, such additional brokerage association can only come about by the salesperson obtaining an *68 additional license from the Department of State from the new associated broker under the prescribed rules and regulations of the Real Property Law. The sponsor broker of the salesperson must consent to the additional association (19 NYCRR 175.13). A broker is guilty of a misdemeanor for having any salesperson associated with his firm who has not secured the required license authorizing such employment (Real Property Law § 442-c).
Plaintiff, in this case, has only one real estate salesperson’s license which listed Sopher as the sole associated broker.
Plaintiff also argues that she was the authorized agent of defendants as their on-site sales representative and being their agent, she was not required to be licensed as a salesperson to receive bonus compensation from them. This contention is equally without merit since plaintiff cannot avoid the proscription of Real Property Law § 442-a by describing herself as a general agent when in fact she is a licensed real estate salesperson and the brokerage commissions she seeks to recover in this case were purportedly earned in her capacity as a salesperson. (Myles v Litas Investing Co., 152 AD2d 731.) To sustain plaintiff’s contention would permit a real estate salesperson to circumvent the proscription of Real Property Law § 442-a.
Based on the foregoing, defendants’ motion for summary judgment is granted and plaintiff’s complaint is dismissed. Plaintiff’s cross motion is denied as being moot.
Even though plaintiff may not maintain an action for brokerage commissions in her own right against defendants, plaintiff is advised that she may bring an action against her associated broker, Sopher, for the brokerage commissions earned, or she may obtain from Sopher an assignment of rights to commissions and then commence an action against defendants, as an assignee. (See, Rocco v Sortino, 105 AD2d 1063.)