■ Rose Reede, Appellant, v Honey Karp, Respondent, et al., Defendants. (Action No. 1.) Rose Reede, Appellant, v

HONEY KARP, Respondent, et al., Defendants. (Action No. 2.)—In two related actions to recover real estate sales commissions, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brucia, J.), entered November 16, 1989, which denied her motion in Action Number 1, to compel the respondent to turn over to her commissions allegedly due and owing to her for her role as a salesperson in a real estate transaction consummated on June 26, 1989, and (2) an order of the same court, also entered November 16, 1989, which denied her motion in Action Number 2 to compel the respondent to hold in escrow commissions allegedly due and owing to her for her role as a salesperson in a second real estate transaction consummated on August 9, 1989.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff is a licensed real estate salesperson employed by Lefcon Properties, Inc. (hereinafter Lefcon). The defendant Honey Karp, a former Lefcon affiliate, terminated her relationship with Lefcon and obtained a judgment against Lefcon, entered July 3, 1989, based on a series of promissory notes.

Lefcon, as broker, and the plaintiff as salesperson, earned commissions for two real estate transactions consummated on June 26, 1989, and August 9, 1989, respectively. Before these commissions were paid to Lefcon, however, Karp served a Restraining Notice to Garnishee on the attorney for the seller in the first transaction, and an Execution with Restraining Notice to Garnishee on the attorney for the sellers in the second transaction. Thereafter, the plaintiff commenced the instant actions.

We agree with the Supreme Court that the commissions on the transactions were due and owing to Lefcon (Real Property Law § 294-b [1], [2]). The plaintiff, as a salesperson, must look to the broker for her portion of the commission (Real Property Law § 442-a; *Myles v Litas Investing Co.*, 152 AD2d 731). Karp, as a prior judgment creditor of the broker Lefcon enforced her previous judgment against the debt owed to Lefcon by the sellers for commissions payable from the real estate transactions in issue *(see,* CPLR 5202 [a]). Karp's claim against Lefcon, therefore, takes priority over the plaintiff's claim *(see, Matter of Mason v Belski,* 82 AD2d 939). Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.