■ ANTHONY STAPLETON et al., Appellants, v LAWRENCE MATTERA et al., Respondents, et al., Defendants. [698 NYS2d 900] —In an action to recover a share of brokerage commissions, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered July 14, 1998, as granted that branch of the motion of the respondents Lawrence Mattera, Jay Lawrence Associates, Inc., and Westfield Group, Inc., which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly granted summary judgment to the respondents. Real Property Law § 442-a provides that "[n]o real estate [salesperson] * * * shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom he [or she] associated". The record is clear that during the transactions at issue, the plaintiff Anthony Stapleton was not a real estate salesperson associated with the respondent brokers. Since the respondents were not brokers with whom Stapleton was associated, he could not enter into an enforceable agreement with them to share commissions (*see, Reede v Karp,* 174 AD2d 659; *Levinson v Genesse Assocs.,* 172 AD2d 400; *Boxhoorn v C.P. Realty Assocs.,* 145 Misc 2d 64), and his claim for real estate commissions must fail (*see,* Real Property Law § 442-a; *Boxhoorn v C.P. Realty Assocs., supra; cf., Wong v Loh,* 162 AD2d 683).

The court properly declined to apply the doctrine of equitable estoppel. The record does not establish the existence of an oral contract (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175). In any event, application of the doctrine would contravene the clear language of Real Property Law § 442-a (*see generally, Matter of Scheurer v New York City Employees' Retirement Sys.,* 223 AD2d 379; *Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296, 301-303).

The plaintiff Kalmon Dolgin Affiliates, Inc., contends that the respondents waived their right to a written commission-sharing contract with respect to the challenged real estate transactions, based on the parties' subsequent oral course of dealing. Since the record is devoid of evidence that a subsequent oral course of dealing occurred, no waiver can be found (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra*).

Accordingly, the respondents tendered sufficient evidence to demonstrate the absence of any material issues of fact warranting the court to direct judgment in their favor as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324), and

the plaintiffs failed to rebut their evidentiary showing (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.