■   In the Matter of PAUL J. ULLRICH, Petitioner, v. VINCENT L. TOFANY, as Commissioner of the Department of Motor Vehicles, Respondent.— Proceeding dismissed on the merits and respondent's determination dated July 27, 1971 confirmed, without costs.  On the record presented, it is our opinion that there is substantial evidence to sustain the determination that petitioner was properly arrested, that he was requested to submit to a chemical test to determine the alcoholic content of his blood and that he was properly warned of the penalty for refusal to take the test, but refused to take it.  Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■   In the Matter of ARTHUR W. VINCENT et al., Petitioners, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review respondents' determination, dated January 3, 1972, which, after a hearing, (1) adjudged petitioners guilty of demonstrated untrustworthiness and (2) suspended their real estate brokerage licenses until payment by them of a commission allegedly owed by them to a real estate salesman formerly in their employ.  Determination annulled, on the law, without costs.  The finding that petitioners had "demonstrated unworthiness" is not supported by substantial evidence.  There was a genuine dispute between petitioners and the complainant as to whether the latter was entitled to share in a commission.  Petitioners' honest belief that no commission was due precludes a finding of untrustworthiness (see *Matter of Kreitsek* v. *Department of State*, 28 A D 2d 721).  There was no factual presentation of acts committed by petitioners to warrant a conclusion of unreliability or to establish that any reasonable expectation of fair dealing with the general public would be misplaced (cf. *Matter of Chiaino* v. *Lomenzo*, 26 A D 2d 469, 472; *Matter of Birch* v. *Lomenzo*, 31 A D 2d 835).  Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■   MICHAEL MILLER, by His Mother and Natural Guardian, CLAIRE EISNER, Respondent, v. JOHN MELANSON, Defendant.  ROTHBLATT, HANOFEE & FRIEDMAN, Appellants.— In a negligence action to recover damages for personal injuries sustained by an infant plaintiff, plaintiff's former attorneys (who had been substituted by an order dated October 27, 1971, which reserved for later determination the amount of their lien for services rendered) appeal from an order of the Supreme Court, Kings County, dated January 26, 1972, which, upon plaintiff's motion, fixed said lien amount at $125.  Order modified, on the facts, by increasing the amount of the lien to $750 instead of $125.  As so modified, order affirmed, without costs.  In our opinion, the order as modified herein more reasonably represents the value of the services rendered by appellants on behalf of their former client under the facts of this case.  Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.