■ In the Matter of FLUSHING KENT REALTY CORP. et al., Petitioners, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent which, after a hearing, found that petitioners had demonstrated untrustworthiness and (1) suspended their licenses for a period of one month or, in lieu thereof, imposed fines in stated amounts and (2) directed the petitioners (except Pat Pescatore) to reimburse the complainant in the sum of $722.10, as a condition to the reinstatement of their licenses. Petition granted, determination annulled, on the law, with costs, and charges dismissed. The complainant was shown a residence by the petitioner Pescatore, who was employed by the petitioner Flushing Kent Realty Corp. The petitioners Marani and Ain were the principals of Flushing Kent. Thereafter, without the knowledge of the petitioners, the complainant negotiated for the purchase of the residence directly with the owner and finally purchased it. The contract of sale made no provision for the payment of a brokerage commission to the petitioners. After the closing, the complainant told the petitioners that the sale had been consummated. An action was then commenced to recover the commission, naming the complainant and the former owner as defendants, on the theory that they had conspired to deprive the petitioners of the commission. That action was compromised, both defendants therein contributing to the amount of the settlement. The complainant then filed a grievance against the petitioners and the respondent determined that the petitioners had demonstrated untrustworthiness. The determination rests upon the conclusion that the petitioners were guilty of harassment in bringing the action against the complainant. The fact is that the complainant negotiated with the owner in the absence of the petitioners, knowing that they would be entitled to compensation if the complainant purchased the property. Further, the complainant entered into

the contract, making no provision for payment of a commission and not designating the petitioners as brokers. The complainant did not inform the petitioners that the contract had been signed until after the closing of the sale. When the petitioners consulted their attorney, they were advised by him to sue the complainant as well as the owner. Under the circumstances, a finding that the petitioners exhibited untrustworthiness is not supported by substantial evidence. The petitioners were not guilty of harassment against the complainant by joining him as a defendant in the action to recover a commission. The bargaining by the complainant with the owner in the absence of the petitioners, the failure to provide for the petitioners in the contract of sale and the failure to communicate with the petitioners until after the closing, were grounds upon which the complainant might be considered by the petitioners' attorney to be liable to the petitioners. Otherwise the petitioners' right to compensation, and their remedies by action, might be seriously inhibited if their decision to bring suit could be followed by disciplinary proceedings. A genuine dispute negates the finding of harassment (cf. *Matter of Kreitsek v Department of State of State of N. Y.,* 28 AD2d 721). Hence, the determination must be annulled. Hopkins, Acting P. J., Shapiro and Suozzi, JJ., concur; Cohalan, J., dissents and votes to confirm the determination and dismiss the proceeding on the merits, with the following memorandum: There is substantial evidence in the record to support the finding that petitioners acted in violation of section 441-c of the Real Property Law, as charged.