In the Matter of LAWRENCE STOWELL, Petitioner, v MARIO CUOMO, as Secretary of State, Respondent.

Fourth Department, July 6, 1979

**APPEARANCES OF COUNSEL**

*Wayne I. Ohl* for petitioner.

*Robert Abrams, Attorney-General (Vincent M. Barone* and *William J. Kogan* of counsel), for respondent.

### OPINION OF THE COURT

WITMER, J.

The principal issue presented on this petition is whether, upon receiving a complaint by salesmen against their broker-employer for nonpayment of commissions, the Secretary of State has authority to conduct a hearing on the issue and determine the contract rights of the parties. We find no authority in the statute or regulations thereunder for respondent Secretary of State to make such determination.

In the summer of 1976 and prior thereto Terry Elich and Dianna Elich, husband and wife, were real estate salesmen in the employ of petitioner, Lawrence Stowell, a real estate broker. Terry Elich had signed a written contract with petitioner specifying the terms of their relationship. Dianna Elich was employed part-time under a similar, but unwritten, arrangement. Differences arose between petitioner and the Elichs, and in July 1977 the Elichs discontinued their relationship with him. At that time there were three real estate contracts which Terry Elich had secured and which were later completed by petitioner who collected the commissions thereon. As to one of those contracts, Dianna Elich had attracted the buyer.

Petitioner acknowledged that he owed to the Elichs commissions on these three sales; but he claimed that (1) when the Elichs left him, the contracts were not entirely secured, that much work remained to be done by his office to clear up title defects and to effectuate closings, (2) that the Elichs had obtained several customer "leads" for other sales through his efforts and had retained some of petitioner's "For Sale" signs and other equipment and that those should all be returned to him before he would pay them their commissions, and (3) petitioner had expended money for advertising to produce the three sales in question, and his other salesmen and he had expended time in closing those transactions, and under his contract with the Elichs petitioner was entitled, as the sole judge of the rights of the parties, to deduct from their commissions sufficient amounts to recompense him therefor. In accordance therewith he offered to settle the claim of Terry Elich for such earned commissions in the sum of $1,846.50 by paying him $838.50, and to settle the amount of $409.50 which

Dianna Elich had earned in commissions by paying her the sum of $169.50. The Elichs refused to accept such reduced sums, and they complained to respondent Secretary of State.

Respondent investigated the Elichs' complaints against petitioner and then, acting under section 441-c of the Real Property Law, he initiated official action against petitioner by designating a hearing officer to conduct a hearing on the complaints. At the hearing, held upon due notice, petitioner appeared without counsel. The hearing officer advised him of his right to counsel, but petitioner stated his intention to represent himself. Evidence was presented with respect to the Elichs' complaints, and petitioner presented evidence in support of his contention. In the course of the hearing, petitioner advised the hearing officer that he did not believe that respondent had jurisdiction to decide a contract controversy between a broker and his salesmen, but his argument was overruled.

The position of respondent's counsel at the hearing, apparently approved by the hearing officer, was that under section 441-c of the Real Property Law and under regulation 175.20 (19 NYCRR 175.20 [a]) it was improper practice for a broker to charge against his salesmen's commissions part of the broker's advertising and office expenses. The charge made by respondent against petitioner upon complainants' complaint, however, was that petitioner had failed and refused to pay to complainants the commissions which they had earned, and there was no reference therein to improper office practices by petitioner.

Following the hearing the hearing officer rendered his decision, resolving the factual disputes in favor of complainants. He concluded that petitioner had demonstrated untrustworthiness within the provisions of section 441-c of the Real Property Law in withholding commissions from complainants, and he suspended petitioner's broker's license for three months or in lieu thereof fined him $200 and directed him to pay in full the commissions claimed by complainants, and he directed that petitioner's license be suspended until such fine and commissions be paid. Clearly, had the issue been a matter of disciplining petitioner broker, respondent had the authority to order such suspension and to impose the fine (see *Kostika v Cuomo*, 41 NY2d 673, 675). The determination was stayed by the show cause order by which this CPLR article 78 proceeding to review it was instituted, pending the decision of this court.

Section 441-c of the Real Property Law authorizes respondent Secretary of State to revoke or suspend the license of a real estate broker or salesman for violation of any provision of article 12-A of that law or for fraud or fraudulent practices, for dishonest or misleading advertising or for demonstrated untrustworthiness or incompetency to act as a real estate broker or salesman. Respondent has found that petitioner demonstrated untrustworthiness. The only factual basis in the record for such finding is the evidence that petitioner failed to pay commissions which his two salesmen claim are owing to them. In his brief before us, respondent supports the charge of untrustworthiness by relying on subdivision (a) of section 175.20 of the Official Compilation of Codes, Rules and Regulations of the State of New York (19 NYCRR 175.20 [a]). That regulation is entitled "Branch offices", and it provides that a branch office may be owned and operated only by a licensed broker and may not be conducted or operated in a manner whereby a licensed salesman or other employee of the broker shall pay or be responsible for any expense incurred in the operation of the office, so as to permit such salesman to carry on the business of real estate broker for his own benefit, directly or indirectly, in whole or in part.

Section 441-c of the Real Property Law and subdivision (a) of section 175.20 are designed to protect the public with respect to real estate brokers' operations and to enable the Department of State to control such brokers and real estate salesmen, to accomplish that end. It is patent that the regulation has no application to the instant case. Respondent has not charged that complainants have in any way operated a branch office for their own benefit, in whole or in part, or that petitioner has co-operated with them in such operation; and there is no evidence in the record to support such a charge.

Complainants' controversy with petitioner relates only to claims arising under their contract of employment with him. No complaint has been made respecting petitioner's conduct as a broker in relation to the public. The controversy between complainants and petitioner is a private contract dispute, to be resolved by them either privately or in a court of law. Respondent has no jurisdiction with respect thereto (*Matter of Vincent v Department of State of State of N. Y.,* 40 AD2d 612; *Matter of Kreitsek v Department of State of State of N. Y.,* 28 AD2d 721).

Petitioner's contention that he was denied due process of

law because the hearing officer conducted the hearing despite petitioner's appearance without counsel, has no merit. At the opening of the hearing the hearing officer advised petitioner of his right to counsel, and petitioner stated that he wished to proceed without counsel. Moreover, the hearing officer was lenient concerning the hearing procedures and from time to time assisted him. Petitioner waived his right to counsel, and the hearing was properly conducted (see *Matter of De Marsico v Whalen,* 68 AD2d 971).

In view of our conclusion that respondent lacked jurisdiction to entertain the contract issues between complainants (not parties hereto) and petitioner, we do not reach petitioner's contention that the determination was not supported by substantial evidence and, of course, we express no opinion concerning the merits of that dispute.

Because respondent lacked jurisdiction of the issues, his determination should be annulled and vacated.

CARDAMONE, J. P., HANCOCK, JR., SCHNEPP and DOERR, JJ., concur.

Petition unanimously granted, with costs, and determination annulled.