■ In the Matter of THOMAS J. SALIERNO et al., Respondents, v TAYLOR R. BRIGGS et al., Constituting the Board of Zoning Appeals of Tuxedo Park, et al., Appellants. — Upon an appeal by permission, judgment of the Supreme Court, Orange County, dated October 22, 1979, affirmed, without costs or disbursements for the reasons set forth in the opinion of Mr. Justice Sweeney at Special Term. Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.

■ In the Matter of the Arbitration between JAMES STEWART, Respondent, and YELLOW FREIGHT SYSTEMS, INC., Appellant. AMERICAN ARBITRATION ASSOCIATION, Respondent. — Appeal from a judgment of the Supreme Court, Orange County, dated March 5, 1980, dismissed as academic. The judgment was superseded by an order of the same court, dated July 7, 1980, which, upon reargument and renewal, adhered to the original determination. Order dated July 7, 1980 affirmed. No opinion. Petitioner is awarded one bill of $50 costs and disbursements to cover both appeals. Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur.

■ In the Matter of HARRY TESMETGES, as Representative Broker of ARCADIA REALTY CORP., Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent — Proceeding pursuant to CPLR article 78 to review respondent's determination, dated December 5, 1979, which, after a hearing, found that the petitioner had demonstrated untrustworthiness and (1) directed that his application for renewal of his real estate broker's license not be processed until payment by him of a commission allegedly owed by him to a real estate salesperson formerly in his employ, and (2) further directed that upon such payment, the application be processed and if the license is renewed, that it be suspended for a period of three months or, in lieu thereof, he pay a $500 fine. Petition granted, determination annulled, on the law, without costs or disbursements, and charges dismissed. The sole conduct relied upon to demonstrate petitioner's alleged untrustworthiness arose out of a bona fide, purely private dispute between himself and a former salesperson regarding money allegedly owed one to the other. The foregoing is legally insufficient to sustain the determination made by the Secretary of State (see *Matter of Flushing Kent Realty Corp. v Cuomo,* 55 AD2d 646; *Matter of Vincent v Department of State of State of N. Y.,* 40 AD2d 612; *Matter of Kreitsek v Department of State of State of N. Y.,* 28 AD2d 721). Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.