OPINION OF THE COURT
Gabrielli, J.
The issue for our determination is whether the Secretary of State has jurisdiction to discipline a real estate broker for alleged untrustworthiness, based solely upon disputed allegations that the broker was attempting to make improper deductions for certain expenses from the earnings of his employees. Inasmuch as the facts of this case point to the existence of a simple contractual dispute between broker and salesman, having no demonstrable impact upon the public at large, the Secretary of State had no authority under the appropriate statute to impose sanctions against the broker.
*211 Terry and Dianna Elich were salespersons in the employ of petitioner, a licensed real estate broker, who concedes that the Elichs had earned commissions prior to terminating their relationship with his office. The present dispute arose from petitioner’s attempt to deduct from these commissions certain expenses, including work to be completed upon the sales made by Terry Elich, who had left before the deals were closed, advertising expenses incurred in those and other sales, and the cost of customer “leads” obtained by the Elichs prior to leaving petitioner’s employ. The Elichs refused to accept the reduced amounts offered by petitioner, and later requested that respondent Secretary of State conduct an investigation into the claimed improper deductions by petitioner.
Following an investigation, the Department of State served petitioner with a notice of hearing and complaint charging him with having “demonstrated untrustworthiness pursuant to the provisions of section 441-c of the Real Property Law”. The hearing officer determined that petitioner was withholding, without cause or warrant, certain of the commissions earned by Terry and Dianna Elich, and that this action constituted demonstrated untrustworthiness within the meaning of the statute. Respondent adopted these findings and the recommendations of the hearing officer. Petitioner’s real estate broker’s license was then suspended for three months, or in lieu of the suspension petitioner was directed to pay a fine of $200, and the license was further suspended until such time as petitioner paid to the complainants the claimed amount of their commissions. The present article 78 proceeding was commenced to review this determination. Respondent Secretary of State now appeals from a judgment of the Appellate Division granting the broker’s petition and annulling the determination below.
Section 441-c of the Real Property Law provides in part that the Department of State may suspend or revoke the license of a real estate broker, or impose a fine in lieu thereof, if the broker “has been guilty of fraud or fraudulent practices, or for dishonest or misleading advertising, or has demonstrated untrustworthiness”. This statute is *212 grounded upon the strong public interest in protecting the public at large from unreliable and untrustworthy real estate brokers. Accordingly, “[t]he responsibility for effectively providing that protection has been delegated to the Secretary of State” (Kostika v Cuomo, 41 NY2d 673, 677).
It has been observed that the Secretary of State is to be vested “with a wide discretion in determining what should be deemed untrustworthy conduct” (Matter of Gold v Lomenzo, 29 NY2d 468, 477). Nevertheless, we are required to uphold the Appellate Division’s determination that the Secretary of State did not have jurisdiction to discipline the broker in the present case, based solely upon a simple-contractual dispute with his sales personnel, because the respondent has failed to point to any supportable adverse effect upon the public.
The manifest purpose of section 441-c of the Real Property Law is the protection of the general public. Indeed, Judge Scileppi, writing for an unanimous court in Matter of Gold v Lomenzo (29 NY2d 473, 477, supra) and addressing the term “untrustworthiness”, noted that while the court was not fixing the absolute limits of the application of that term “ There should be such factual presentation concerning acts or conduct by the licensee * * * as would warrant a conclusion of unreliability, and which establishes that any confidence or reasonable expectation of fair dealing to the general public would be misplaced’ ” (emphasis supplied); and he noted further that the Legislature intended the Secretary of State to be vested with “ The obligation of protecting the public against wrongdoing or incompetency’ ” (citing Matter of Chiaino v Lomenzo, 26 AD2d 469, 472-473) (see, also, Matter of Vincent v Department of State of State of N. Y., 40 AD2d 612). Although there may be situations in which, for example, a broker’s “business practices” or “business methods” (see Real Property Law, § 442-e, subds 5,6) with regard to his salespersons are so devious as to indicate clearly that he would not deal fairly with the public and, therefore, disciplinary action under section 441-c of the Real Property Law for demonstrating “untrustworthiness” might be warranted, the present case involved no such activity. Rather, the differences *213 that exist between complainants and petitioner involve an isolated contractual dispute, and thus should have been resolved at first instance in the courts. A civil action is the proper course of action for enforcement of complainants’ rights (see Clair v Kall & Kall, 23 Misc 2d 568; Killion v Wolff, 51 Misc 2d 47), and disciplinary action by the Secretary of State should be taken only where there is an adverse effect upon the public at large. No such effect can be gleaned from the present record.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment affirmed.