■ LEONG S. WONG, Doing Business as NORTH AMERICAN REALTY Co., et al., Appellants, v HENRY LOH et al., Respondents.—In an action to recover a brokerage commission, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated May 24, 1988, as denied that branch of their motion which was for partial summary judgment in favor of the plaintiff Leong S. Wong, doing business as North American Realty Co.

Ordered that the appeal by the plaintiff Charles R. Doherty is dismissed because he is not aggrieved by the portion of the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Leong S. Wong, on the law, that branch of the motion of the plaintiffs as was for partial summary judgment in favor of Leong S. Wong on the issue of liability is granted, and the matter is remitted to the Supreme Court, Queens County, for a determination of damages; and it is further,

Ordered that the plaintiff Leong S. Wong is awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The plaintiff Leong S. Wong, a licensed real estate broker doing business as North American Realty Co., and the plaintiff Charles R. Doherty, a licensed real estate salesperson, commenced this action to recover a brokerage commission in connection with a sale of real property, which all parties concede was arranged by Doherty. The property at issue was owned by the defendant Henry Bialer, and sold to the defendants Henry Loh, Eileen Kang Loh, the Loh's Corp., H & E Development, Inc., and Chewchi Development, Inc.

Real Property Law § 442-a bars a real estate salesman from receiving or demanding a commission from anyone but "a duly licensed real estate broker with whom he is associated". In reliance upon that provision, the Supreme Court dismissed the complaint insofar as it is asserted by the plaintiff Doherty against all the defendants, holding that because Doherty was not a broker, he had no standing to sue. The Supreme Court further granted Bialer summary judgment on his cross claims against the codefendants for indemnification. Those determinations are not challenged on this appeal.

The Supreme Court also denied that branch of the plaintiffs' motion which was for partial summary judgment in favor of the plaintiff Wong against the defendants. The plaintiffs appeal from that portion of the order. The appeal raises the question of whether Wong, a duly licensed real estate broker, is, as a matter of law, entitled to a broker's commission, based on services performed solely by Doherty. In the complaint, Wong and Doherty allege that Doherty brought about the sale as a "duly licensed real New York State estate salesperson" employed by Wong.

Real Property Law § 440 (3) defines "Real estate salesman" as a person *"associated with* a licensed real estate broker" (emphasis supplied; *see also,* Real Property Law § 440 [5] ). The defendants claim that Wong did nothing to personally earn the commission, and that the relationship between Doherty and Wong was a contrived, after-the-fact arrangement, designed to facilitate the protection of the commission. However, the record establishes that on September 1, 1986, Doherty filed with the Secretary of State a "change of association card" listing his association with Wong's agency, North American Realty Co. Thereafter, many of the negotiations were conducted between Doherty and the defendants relative to the sale of the property, culminating in the execution of agreements in November and December 1986. The defendants have failed to present any evidence to show that Doherty was not "associated" with Wong at the pertinent periods of time. There is no question but that services were duly performed, resulting in the sale of the property. The defendants' challenge to the relationship between the plaintiffs, Wong and Doherty, as a means of avoiding payment of a commission, is unavailing under the facts of this case. Wong is, therefore, entitled to partial summary judgment on the issue of liability, and the matter is remitted to the Supreme Court for a determination of damages. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.