■ MARIA FITZGIBBON, Respondent-Appellant, v ABATELLI

REAL ESTATE, Appellant-Respondent. [625 NYS2d 276] —In an action by a real estate salesperson against a real estate broker to recover her purported share of a commission, the defendant appeals from a judgment of the Supreme Court, Queens County (Galfunt, J.H.O.), dated July 28, 1993, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $51,440, and the plaintiff cross-appeals from the same judgment on the ground of inadequacy.

Ordered that the judgment is reversed, on the law and on the facts, with costs, and the complaint is dismissed.

Mario R. Abatelli, doing business as Abatelli Realty and sued here as Abatelli Real Estate, is a real estate broker who has been in business for more than 20 years. In or about 1978, he authorized John Hajdok, a real estate salesperson, to open a branch office in Westchester County.

In 1987, the plaintiff, who had been hired as a salesperson by Hajdok, found a buyer for property located on Sarles Street in Mount Kisco and owned by a corporation in which Hajdok held an interest. The purchaser testified at the trial that the plaintiff and Hajdok had agreed that the plaintiff was to receive 60% of the commission, which was to be 6% of the purchase price of the property. The contract of sale between the purchaser and Hajdok's corporation, Lot B 37 Sarles Street, Inc., lists the broker as Abatelli Realty and provides that the "SELLER agrees to pay the broker the commission earned thereby (pursuant to separate agreement)." In a letter dated March 25, 1988, to Hajdok, the plaintiff stated, "This will confirm our commission agreement wherein I am to receive 60% of [the] commissions received" from the sale of the Sarles Street property.

According to the plaintiff, Hajdok convinced her not to attend the closing on March 31, 1988. At the closing, a separate check was not issued to pay the broker's commission. The plaintiff testified at the trial that Hajdok had given her a check for $2,000 in July 1988 and another check for $2,000 in August 1988 as partial payment of the commission that he owed her. The plaintiff also testified that Hajdok had promised her that the rest of the commission would be immediately forthcoming but that she received no further payments from him.

By a letter dated September 9, 1990, to Mario R. Abatelli, the plaintiff demanded payment of $51,440, which is 60% of 6% of the purchase price of the Sarles Street property less the

$4,000 that Hajdok had paid her. The plaintiff subsequently commenced this action against Abatelli Real Estate.

At the trial, Mario R. Abatelli testified that his business had not received a commission from the sale of the Sarles Street property and that he was not aware of the closing of that particular piece of property. Abatelli contends that, since Hajdok was not a licensed real estate broker, the plaintiff's alleged agreement with him is unenforceable. We agree.

Real Property Law § 442-a provides, "No real estate [sales-person] * * * shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom he [or she is] associated." The plaintiff's allegation that she mailed some forms to Mario R. Abatelli in Queens to register her association with Abatelli Realty is inadequate, by itself, to prove that the plaintiff was a real estate salesperson associated with Abatelli Realty, and the plaintiff's failure to prove this element of her cause of action is fatal (see, Boxhoorn v C.P. Realty Assocs., 145 Misc 2d 64; cf., Wong v Loh, 162 AD2d 683). Moreover, since Hajdok was not a licensed real estate broker, the plaintiff could not enter into an enforceable agreement with him to share commissions (see, Levinson v Genesee Assocs., 172 AD2d 400; Wong v Loh, supra; Boxhoorn v C.P. Realty Assocs., supra). Therefore, her only recourse is to seek compensation from Abatelli Realty on the theory that Hajdok had either actual or apparent authority to act on its behalf. However, Abatelli testified that Hajdok had acted without actual authority in entering into his arrangement with the plaintiff, and that testimony is undisputed.

With regard to the issue of apparent authority, it has been held, "One who deals with an agent does so at his [or her] peril, and must make the necessary effort to discover the actual scope of authority" (Ford v Unity Hosp., 32 NY2d 464, 472). Apparent authority is an outgrowth of the equitable principle that "when one of two innocent persons must suffer from the act of a third person, he shall sustain the loss who has enabled the third person to do the injury" (Walsh v Hartford Fire Ins. Co., 73 NY 5, 10). "[A] third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable" (Hallock v State of New York, 64 NY2d 224, 231).

The plaintiff contends that Abatelli violated 19 NYCRR 175.20 by failing to supervise Hajdok and that he, therefore, permitted Hajdok to act as if he were a real estate broker and

to enter into unauthorized agreements for his own benefit. However, the plaintiff cannot claim that she was innocent or that her reliance was reasonable. In all of her dealings with Hajdok, the broker of record was Abatelli Realty, and the plaintiff allegedly filed forms associating herself with Abatelli Realty. The real estate broker's license that was posted in the Westchester County office where she worked was that of Mario R. Abatelli. There is no evidence in the record that the plaintiff ever saw any documents that referred to Hajdok as a real estate broker. Although the plaintiff allegedly thought Hajdok was a broker, both she and Hajdok had the title of associate realtor printed on their business cards.

We note that 19 NYCRR 175.20 (b) provides that when a real estate broker's branch office is operated by a salesperson, the salesperson "may be permitted to operate * * * only under the direct supervision of the broker provided the names of such [salesperson] and supervising broker shall have been filed and recorded in the division of licenses of the Department of State." The plaintiff admitted that she had been hired by Hajdok to manage the Westchester County office where she worked. Therefore, she was required to operate under the direct supervision of the real estate broker whose name had been filed and recorded with the Department of State. According to the plaintiff, she filed papers associating herself with Abatelli Realty. Therefore, she was required to operate under Abatelli's direct supervision, which was clearly not the case. Thus, it appears that the plaintiff may have failed to comply with 19 NYCRR 175.20. Moreover, 19 NYCRR 175.20 was designed to protect the public, not real estate salespersons (see, Matter of Stowell v Cuomo, 69 AD2d 9, affd 52 NY2d 208).

The parties' remaining contentions are without merit or need not be addressed. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.