UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2006*
Decided February 24, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3137

| | |
|---|---|
| SARKES TARZIAN, INCORPORATED, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 99 C 165 |
| U.S. TRUST COMPANY OF FLORIDA SAVINGS BANK, *Defendant-Appellee.* | Richard L. Young, *Judge.* |

## O R D E R

In this successive appeal, Sarkes Tarzian, Inc. ("STI") appeals the district court's denial of its motion for a new trial.* The motion for a new trial was premised upon alleged newly-discovered evidence and STI's allegations that defendants wrongfully withheld critical evidence. For the reasons discussed below, we affirm the district court's denial of STI's motion.

---

* Because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument," we have concluded that oral argument is unnecessary. *See* Fed. R. App. P. 34(a)(2)(C).

# I. Background

Because our earlier opinion includes a detailed review of the facts in this case, a lengthy background discussion is unnecessary. *See Sarkes Tarzian Inc. v. U.S. Trust Co.*, 397 F.3d 577, 579 (7th Cir.) ("*Sarkes Tarzian I*"), *cert. denied* 126 S.Ct. 398 (2005). It is sufficient to state that this case arises out of a dispute over whether a binding contract was ever created between U.S. Trust Company of Florida Savings Bank ("U.S. Trust") and STI. We found that the district court erred in denying U.S. Trust's motion for judgment as a matter of law because STI presented no evidence at trial showing that U.S. Trust's lawyer, James Pressly, had actual authority to contractually bind U.S. Trust. On the basis of this finding we reversed the district court and remanded with instructions to enter judgment for U.S. Trust. Subsequently, STI moved, pursuant to Fed. R. Civ. P. 59(a), 60(b)(2) and 60(b)(3), for a new trial on the basis of newly-discovered evidence that allegedly demonstrated that U.S. Trust had improperly withheld critical evidence. This evidence was discovered during STI's litigation against Bull Run, the company that bought the shares STI sought to purchase. The district court denied STI's motion because it found that the evidence offered by STI did not remedy "the deficiencies in STI's proof." *See STI v. U.S. Trust*, No. 99-C-0165, 2005 WL 1528235, slip op. at 3 (S.D. Ind. Jun. 16, 2005). Specifically, the court found that the newly discovered evidence, handwritten notes of Mr. Pressly, (1) did not contradict the testimony of U.S. Trust's principals that Mr. Pressly lacked authority to bind STI, and (2) did not show that STI had made an attempt to contact U.S. Trust's principals to determine the scope of Mr. Pressly's authority. *Id.* STI now appeals.

# II. Analysis

As we have previously observed, "Rule 59(a), in a bit of a circular way, allows new trials in cases where new trials have been traditionally allowed at law." *ABM Marking, Inc. v. Zanasi Fratelli S.R.L.*, 353 F.3d 541, 543 (7th Cir. 2003). While the text of the Rule provides little clarity as to the exact standards a district court should apply, what is clear is that this court reviews the district court's decision to grant a new trial only for abuse of discretion. *See id.* "Under this deferential standard, an abuse of discretion occurs only when no reasonable person could take the view of the district court." *U.S. v. Re*, 401 F.3d 828, 832 (7th Cir. 2005). We think that the district court very reasonably synthesized its analyses of STI's burdens under Rules 59(a) and 60(b)(2), applying our precedent regarding Rule 60(b) motions for a new trial on the basis of newly discovered evidence. The district court relied on our holding in *Jones v. Lincoln Elec. Co.*, 188 F.3d 709 (7th Cir. 1999), which STI also identifies as the correct precedent defining its burden in moving for a new trial under Rules 59(a) and

60(b).  See Appellant's Brief at 14.  In *Jones,* we identified five prerequisites that a litigant must establish in order to be granted a new trial on the basis of alleged newly-discovered evidence; the litigant must prove that:

> 1. The evidence was discovered following trial;
> 2. Due diligence on the part of the movant to discover the new evidence is shown or may be inferred;
> 3. The evidence is not merely cumulative or impeaching;
> 4. The evidence is material; and
> 5. The evidence is such that a new trial would probably produce a new result.

*Jones*, 188 F.3d at 732.  The district court found that STI's proffered evidence was insufficient to prove the third, fourth, and fifth prerequisites.  STI now argues that (1) "[t]he District Court erred in finding that STI had a duty to inquire about the scope of Pressly's actual authority"; and (2) the district court erred in finding that STI's evidence was immaterial and cumulative.

The essence of STI's arguments is disagreement with the earlier rulings of this court in *Sarkes Tarzian I.*  In *Sarkes Tarzian I*, we found that "STI did not discharge its burden of showing that Mr. Pressly had actual authority" and furthermore that STI had failed to "discharge its duty under New York law to ascertain the scope of Mr. Pressly's authority."  *Sarkes Tarzian I*, 397 F.3d at 585.  STI's newly discovered evidence is a set of handwritten notes composed by Mr. Pressly on January 1, 1999 which read, in relevant part:

> Steve Opler 404-881-7693
> Alston & Bird in Atlanta
> How clean is their offer?
> He says it is very clean.
> It says that we represent that we own the stock. They represent that they'll close 'tomorrow.'
> I tell him we want to be indemnified . . . .
> JP: I'll disclose everything about our negotiations except the price . . . . We agreed to terms and they are to draw up contract.  I asked him about indemnification . . . .
> <u>No indemnification.</u>
> But they are willing to take the stock with this full disclosure that we had the negotiations today. He is in arbitration. I ask how he will be able to wheel and deal. The proposal has already been sent to Higney.

Appendix to the Appellant's Brief at 16-17. As the district court correctly concluded, Mr. Pressly's notes do not directly or indirectly prove that he had actual authority to bind U.S. Trust, and they do not contradict the testimony of U.S. Trust's principals that Mr. Pressly had no authority to bind the company. They also fail to remedy what we identified as a significant deficiency in STI's case — STI's failure to make any effort to ascertain the actual scope of Mr. Pressly's authority. STI identifies this third basis for the district court's ruling as an error of law that was first made by this court in *Sarkes Tarzian I*, where we cited *Ford v. Unity Hospital*, 299 N.E.2d 659 (N.Y. 1973). Though the litigant in *Ford* based its claim on an "apparent authority" theory, the *Ford* Court's holding was based on its view that a party's ability to rely on apparent authority is limited by the scope of actual authority. *See id.* at 664 ("An agent's power to bind his principal is coextensive with the principal's grant of authority."). Thus, where we cited *Ford* in *Sarkes Tarzian I* for its statement that "[o]ne who deals with an agent does so at his peril, and must make the necessary effort to discover the actual scope of authority," our holding spoke to the point at which the actual and apparent authority inquiries necessarily meet. Indeed, STI's failure to investigate the scope of Mr. Pressly's authority is fatal to its apparent authority claim, but it also informs the question as to whether any proof was offered of actual authority.

Though STI cites several New York cases for the proposition that an agent's statements are admissible to establish the scope of an agent's actual authority, the statements made by agents in these cases are nothing like Mr. Pressly's notes; in each of the relevant cases cited by STI, the agent made an explicit statement regarding his actual authority. *See Charles Hyde Realty, Ltd. v. Yerganian*, 540 N.Y.S.2d 735 (App. Div. 1989) ("Since the defendant Yerganian admitted he had authority to enter brokerage agreements on behalf of the defendant corporation, the corporation's failure to offer any evidence on the limited nature of the agency rendered summary judgment appropriate."); *Peoples Westchester Sat. Bank v. Gand*, 705 F.Supp. 164, 168-69 (S.D.N.Y. 1989) ("When asked whether John Herman of [the principal company] agreed to [the arrangement authorizing the agent to receive funds], [the agent] answered that 'he did agree.'"); *Shapiro, Bernstein and Co., Inc. v. Royal Plastics Corp.*, 81 F.Supp. 555, 556 (S.D.N.Y. 1948) ("At the time of service Loewus stated that he was the District Sales Manager of both Royal Plastics and King Records."). Here, Mr. Pressly never testified that he had actual authority to bind U.S. Trust, and no reasonable interpretation of the notes could view them as explicit admissions of such authority. We reject STI's assertion that the language in Mr. Pressly's notes regarding indemnification constitutes such evidence.

STI overstates the significance of this language in asserting that they reveal "that he believed he had authority to, and did in fact, bind U.S. Trust to a contract with STI." Mr. Pressly could have confidently believed that no contract had been formulated while simultaneously believing that STI might seek to enforce the non-binding preliminary agreement. Indeed, the notes suggest that Mr. Pressly felt the need to secure final authorization from his principals on the offer he negotiated with Bull Run;

the notes could therefore be offered for the contrary proposition to that argued by STI. The notes are, at best, cumulative, as they are reliable only as either additional evidence demonstrating that Mr. Pressly had authority to negotiate without the power to bind U.S. Trust, or as additional evidence that Mr. Pressly believed he had authority to bind U.S. Trust. *See U.S. v. Kizeart*, 102 F.3d 320 (7th Cir. 2000) ("Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial").

The notes are also ultimately immaterial, as they fail to address the lack of proof of actual authority that was the basis of our earlier ruling. As noted earlier, STI's failure to take steps to investigate the extent of Mr. Pressly's authority necessarily dooms its apparent authority claim. *See Fitzgibbon v. Abatelli Real Estate*, 625 N.Y.S.2d 276 (App. Div. 1995) ("With regard to the issue of apparent authority, it has been held, 'One who deals with an agent does so at his [or her] peril, and must make the necessary effort to discover the actual scope of authority.'") (quoting *Ford*, 299 N.E.2d at 664). The only material question that they could hope to inform is whether Mr. Pressly had actual authority. They do not address this question. Our earlier ruling already considered and rejected more probative evidence — Mr. Pressly's statement that "This is not what we had hoped for and I can't say we're happy with it, but we'll take it" and his statement that he was "authorized to make this offer." *See Sarkes Tarzian I*, 397 F.3d at 583. We concluded that this evidence was insufficient to prove actual authority. The notes offered here are not even as compelling as this insufficient testimonial evidence; they are not inconsistent with the testimony of U.S. Trust's principals indicating that Mr. Pressly had authority to negotiate but not to bind. Even were we to agree with STI's estimation of the value of Mr. Pressly's notes, STI falls far short of demonstrating that the district court's conclusion was outside of the boundaries of reasonableness, and thus we cannot find an abuse of discretion.

Finally, with regard to STI's Rule 60(b)(3) motion, though the district court erred in failing to address this motion, the error was harmless because STI has not demonstrated that such a motion should have been granted. "In order to obtain relief under Fed.R.Civ.P. 60(b)(3), the movant must prove that: (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). STI cannot satisfy the second and third prongs of this test. First, STI has not demonstrated that U.S. Trust's decision to withhold the notes constituted "fraud, misrepresentation, or misconduct" under Rule 60(b)(3). The notes were accurately identified in U.S. Trust's privilege log, and STI failed to make any motion to compel during discovery. Regardless of whether the notes actually constituted attorney work product under the relevant precedent, the nature of Mr. Pressly's notes makes obvious that he reasonably believed they constituted such work product, and thus, the type of fraud contemplated by Rule 60(b)(3) is not present here. Even if it was present, STI could not succeed on

its motion because the withholding of the notes did not prevent STI from fully and fairly presenting its case. As discussed above, the notes would have been insufficient, as a matter of law, for STI to demonstrate that Mr. Pressly had actual or apparent authority to bind U.S. Trust. Thus, the district court's error was harmless; STI cannot meet the test for a Rule 60(b)(3) motion.

Ultimately, STI's motions with regard to Mr. Pressly's notes amount to little more than an attempt to revisit the various issues that were addressed in our prior decision and in the court below. As our colleagues on the Second Circuit have observed, a motion for a new trial "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 145 (2d Cir. 1998). STI here attempts to take just such a bite. We decline to indulge its appetite.

### III. Conclusion

The judgment of the district court is AFFIRMED.