DONALD M. MATUSIK, Doing Business as J.B. WHITE REALTY ASSOCIATES, Appellant, v PETER R. WARD et al., Respondents. [892 NYS2d 561]—

Cardona, P.J.

In May 2007, the noncorporate individual defendants herein retained Ronald Shelli, a licensed real estate salesperson associated with plaintiff, a licensed real estate broker, to assist them, "on an exclusive basis," in obtaining financing for a hotel project in the Town of Ticonderoga, Essex County. The contract was written on Shelli's letterhead and signed by the individual defendants, who are referred to as the "Client." The agreement provided that it was between the Client and "Shelli Associates,

LLC c/o Ronald S. Shelli/Sales Real Estate Agent with JB White Realty Associates"* and specified that, upon the Client's "acceptance of a [financing] commitment letter and satisfaction of commitment contingencies," Shelli would be entitled to a commission of $1^{1}/2\%$ of the gross loan amount. It further provided: "The 'exclusive right,' as granted herein, means that if client is issued a financing commitment during this exclusivity period, and the loan thereafter closes, through itself or another broker, finder or any other person, Client must nevertheless pay the agreed fee to Shelli . . . as provided herein. This Agreement shall continue in effect for a minimum period of 90 days from the date hereof, and will continue thereafter until withdrawn, in writing, by the Client."

According to defendant Peter R. Ward, a commitment letter for the project from the Provident Bank of New Jersey was received on September 14, 2007. The individual defendants herein reportedly transferred their rights to develop and finance the project to defendant S & W Ticonderoga, Inc. and a loan in the amount of $3,480,000 thereafter closed in November 2007. Shelli submitted an invoice to defendants seeking payment of the commission specified in the written agreement, but defendants refused to make payment.

Plaintiff commenced this action in February 2008, seeking the commission owed pursuant to the agreement. The parties cross-moved for summary judgment and Supreme Court denied plaintiff's motion, while granting defendants' cross motion on the ground that plaintiff lacked standing. Plaintiff thereafter moved for reargument and leave to amend the complaint. The court denied the motion in its entirety. These appeals ensued.

Initially, we conclude that plaintiff did have standing. While it is true that plaintiff was not a signatory to the agreement, he was nevertheless entitled to bring this action to seek recovery of the fee claimed by Shelli, his salesperson. Significantly, a real estate salesperson can only seek compensation for work done "in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate" (Real Property Law § 442-d) from "a duly licensed real estate broker with whom he [or she] associated" (Real Property Law § 442-a). Consequently, such an action cannot be instituted by the real estate salesperson against a third party on his or her own behalf (see Real Property Law § 442-a). Instead, an action to recover such commission may only be initiated, on the salesperson's behalf, by the broker associated with the salesperson (see Wong v Loh, 162 AD2d 683, 684 [1990]).

---

* Shelli conducts his real estate business, as well as other professional services, through a limited liability company known as Shelli Associates, LLC.

Here, plaintiff, a licensed real estate broker, provided proof that Shelli, at all times relevant to this matter, was a licensed real estate salesperson associated with him. Moreover, the commission sought by plaintiff arises out of Shelli's efforts to negotiate a loan for the purchase of real estate. Thus, Shelli's claimed commission under the agreement is recoverable only in an action brought by plaintiff and, therefore, defendants' cross motion for summary judgment should not have been granted.

Next, plaintiff contends that he is entitled to summary judgment on the merits based on the written fee agreement executed by the four individual defendants that unambiguously provides for a fee to Shelli upon, among other things, acceptance by defendants of a loan commitment letter. The agreement also sets forth a period of exclusivity during which time Shelli was entitled to a commission, regardless of whether he or another party procured the financing commitment, for the minimum of 90 days or until written notification of cancellation was issued by defendants. Here, while the parties dispute the extent to which Shelli was involved in the negotiation of the loan, this issue is irrelevant inasmuch as it is clear that defendants obtained financing from Provident Bank of New Jersey and did not provide Shelli with written notification of cancellation of the fee agreement during the pertinent period.

In sum, our review reveals that defendants have not raised any arguable issues of fact regarding their obligation to pay the commission called for in the fee agreement. Defendants' contention that Shelli was not licensed (see Real Property Law § 442-d) and that they were unaware of his association with plaintiff is contradicted by the record. Not only is a copy of Shelli's license, which references his association with plaintiff, contained therein, but the fee agreement itself unequivocally discloses Shelli's association with plaintiff. Accordingly, we conclude that plaintiff is entitled to summary judgment on the issue of liability and the matter is remitted to Supreme Court for a determination of the appropriate damages (see Wong v Loh, 162 AD2d at 684).

The remaining arguments raised by the parties have been examined and found to be either unpersuasive or unnecessary to consider given the above result.

Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order entered September 26, 2008 is reversed, on the law, with costs, defendants' cross motion for summary judgment denied, plaintiff's motion for summary judgment granted and matter remitted to the Supreme Court for further

proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order entered February 10, 2009 is dismissed, as academic.